MARTORELL ET AL., PLAINTIFFS AND APPELLANTS, *v.* J. OCHOA & BROTHER ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action of Ejectment.

No. 1219.—Decided July 23, 1915.

Decided on the grounds stated in the opinion delivered in Case No. 1218, *Martorrell et al.* v. *J. Ochoa & Brother et al., ante.*

The facts are stated in the opinion.

*Messrs. José Tous Soto* and *Manuel Tous Soto* for the appellants.

*Messrs. Bosch & Soto* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action brought in the District Court of San Juan to annul a public deed of sale to certain joint-ownership shares of real property executed by Rosa Torrents in the name of her minor children, the plaintiffs, before Notary Herminio Díaz Navarro on March 8, 1904, in favor of the firm of J. Ochoa & Brother.

As grounds of the action it is alleged that although Rosa Torrents was authorized by an order of the District Court of San Juan of April 28, 1902, to sell the said property interests, the authorization was null and void because it was given by a court having no jurisdiction therefor, for the District Court of Arecibo had such jurisdiction according to law, inasmuch as Ciales, a town of that district, is the domicil of the mother and her children and also the place where the property is situated.

The complaint was demurred to on the grounds that it did not state facts sufficient to constitute a cause of action; that the action had prescribed; that there was a misjoinder of parties, and also that there was a misjoinder of causes of action.

The court sustained the demurrer an the ground of lack of cause of action and, without considering the other grounds of demurrer, rendered judgment on February 16, 1914, dismissing the complaint without special imposition of costs, from which judgment counsel for plaintiffs appealed to this court.

As grounds of the appeal the appellants assign the following errors:

(1). Failure to apply article 164 of the Spanish Civil Code, which was in force at the time the court authorized the sale, the provisions of which article were re-enacted in section 229 of the Revised Civil Code, which was in force when the sale was made.

(2). Improper application of the judgments of the Supreme Court of Spain of July 22 and September 30, 1875, October 6, 1876, and June 2, 1877, and of the decisions of the General Directorate of Registries of Spain of January 22, 1866 (1886), and May 9, 1889.

(3). Failure to apply the judgment of this court in the case of *Esteras* v. *Arroyo,* 16 P. R. R. 689, and a previous judgment of the Supreme Court of the United States in the case of *Garzot* v. *Rubio,* 209 U. S. 303.

In deciding to-day Appeal No. 1218 in a similar case between the same parties and for the same subject-matter, in which the same errors and grounds were alleged as in the present case, we considered in detail the first two grounds and refrained from considering the third, reaching the conclusion that the judgment appealed from should be reversed.

For the same reasons stated in our opinion which served as a ground for our decision in Appeal No. 1218, which we

now ratify and repeat, we must arrive at the same final decision.

The judgment appealed from should be reversed and the case proceeded with in accordance with this opinion.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.